Angiolillo, J.,
dissents, and votes to affirm the judgment with the following memorandum, in which Roman, J., concurs: I do not agree with the majority that the County Court failed to advise the defendant of the postrelease supervision component of his sentence at the time he entered his plea of guilty. Therefore, I respectfully dissent, and would vote to affirm the judgment of conviction.
In People v Catu (4 NY3d 242 [2005]), the Court of Appeals held that postrelease supervision is a direct consequence of certain criminal convictions. “Because a defendant pleading guilty to a determinate sentence must be aware of the post-release supervision component of that sentence in order to knowingly, voluntarily and intelligently choose among alternative courses of action, the failure of a court to advise of post-release supervision requires reversal of the conviction” (id. at 245).
*1002 Here, the record of the plea proceeding demonstrates that the County Court did advise the defendant of the postrelease supervision component of his sentence. The County Court informed the defendant that, on the top count of the indictment, attempted murder in the second degree, he faced a maximum possible determinate sentence of a term of imprisonment of 25 years, plus five years of postrelease supervision. The defendant acknowledged that he understood. At that point, the only sentencing promise made by the County Court was that it reserved the right, in its discretion, to fix the prison component of the defendant’s sentence to a number of years within a certain range, taking into account both the determinate term of imprisonment to be imposed for the count of attempted murder in the second degree and the indeterminate term of imprisonment to be imposed for the second count, conspiracy in the second degree. On August 17, 2011, the County Court sentenced the defendant to a determinate term of imprisonment of 15 years plus five years of postrelease supervision on the count of attempted murder in the second degree, and an indeterminate term of imprisonment of 3 to 12 years on the count of conspiracy in the second degree, with the sentences to run consecutively.
Contrary to the contentions in the defendant’s pro se supplemental brief, the term of imprisonment imposed fell within the range promised by the County Court. Further, under the circumstances of this case, the imposition of a five-year period of postrelease supervision did not constitute a Catu error (see People v Catu, 4 NY3d at 242). The defendant was informed at the outset of the plea proceeding that he faced a five-year period of postrelease supervision. The defendant acknowledged as much and thereafter entered a plea of guilty. Thus, at the time he decided to enter his plea of guilty, the defendant was “aware of the postrelease supervision component for the plea and sentence” (People v Blunt, 93 AD3d 675, 676 [2012] [internal quotation marks omitted]) as a general matter, and specifically aware that he faced a five-year period of postrelease supervision based on the top count of the indictment. Accordingly, this is not a case where the defendant was not made aware of the fact that he faced a period of postrelease supervision (see People v Catu, 4 NY3d at 242), where the defendant was erroneously promised a lesser term of postrelease supervision (see People v Hollis, 309 AD2d 764, 765 [2003]), or where he was not informed of the specific period of postrelease supervision he faced (see People v Boyd, 12 NY3d 390 [2009]).
Immediately after the colloquy with respect to postrelease supervision, the County Court made a sentencing promise to *1003 the defendant with respect to the range of the terms of imprisonment for his two sentences. Similarly, in People v Blunt (93 AD3d at 675), after the Supreme Court elicited the defendant’s understanding of the postrelease supervision component, the court made a specific promise to impose the defendant’s two sentences to run concurrently. In both cases, although the court’s specific sentencing promise omitted further mention of postrelease supervision, the promise contained nothing to contradict the earlier colloquy during which the defendant acknowledged his understanding of the postrelease supervision component. Under the circumstances of this case, the judgment of conviction should be affirmed (id. at 676).